Latham *v.* Darling.

PHILIP C. LATHAM, plaintiff in error *v.* EPHRAIM DARLING, impleaded &c., defendant in error.

### *Error to Sangamon.*

The words "*with three dollars per month interest after due till paid,*" mean three dollars per month, or thirty-six dollars per annum, and not that interest should be calculated at the rate of thirty-six *per centum* per annum. The interest for one year on a note for thirty dollars and seventy-five cents, " with three dollars per month interest," is thirty-six dollars.

This was a suit instituted by the plaintiff in error in the Sangamon Circuit Court, upon the following note:

" 30,75

Four days after date, we or either of us, promise to pay P. C. Latham thirty dollars and seventy-five cents, with three dollars per month interest after due until paid, for value received. Sept. 18th, 1832.

his

JAS. ⋈ GARDNER,

mark

EPHM. DARLING."

The Cause was tried at the October term, 1835, before the Hon. Thomas Ford, and a judgment rendered for the plaintiff in error, for $63,96 and costs. The Court below decided that the note drew interest at the rate of three dollars per month for $100. The plaintiff excepted to the opinion of the Court.

J. T. STUART and J. B. THOMAS, for the plaintiff in error.

C. WALKER, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *trespass on the case on promises.* The only point made and submitted to the Court for its decision, is on the import of the words used in the note on which the action is founded, in relation to the interest which the makers should pay on the amount of the note. These words are, " with three dollars per month interest after due until paid." It is conceived that there is no ambiguity in this language, and that the words declare that the rate of interest shall be three dollars for each and every month that the note shall remain unpaid, after it shall have become due.

This would be clearly thirty-six dollars *per annum* for the non-payment of the amount promised to be paid by the note, and not three *per centum per month*, or at the rate of three dollars per month for the use of one hundred dollars for that time. The

rate of interest is doubtless enormous, but that can be no reason whatever for changing the terms and legal effect of a contract which the parties have entered into.

The construction put on the contract in the Circuit Court, as to the rate of interest, was evidently erroneous, and could not, it is conceived, comport with the meaning and obvious import of the language used.

The clerk of this Court is directed to modify the judgment of the Circuit Court, by entering judgment for the amount of the note, with the interest due thereon, from the day the note became due and payable, computing such interest at and after the rate of three dollars per month for each month, and at the same rate for a fraction of a month, until the day of the rendition of the judgment in the Circuit Court with costs.

*Judgment modified.*